IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02165-GPG

JODY JOWELL,

    Applicant,

v.

RANDY LIND, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Jody Jowell, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. On August 15, 2014, Mr. Jowell filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6). He is challenging the validity of his conviction in Saguache County District Court Case No. 03CR7. Mr. Jowell has paid the $5.00 filing fee.

    On September 12, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 10) directing Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 30, 2014, after being granted an extension of time, Respondents submitted their pre-answer response (ECF No. 14). On October 8, 2014, Mr. Jowell submitted a reply (ECF No. 15).

    The Court must construe Mr. Jowell's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Jowell was convicted on May 21, 2004, by a jury in Saguache County District Court Case No. 03CR7 of two counts of sexual assault on a child by a person in a position of trust and one count of sexual assault on a child as part of a pattern of abuse. ECF No. 14, ex. A (*People v. Jowell*, 199 P.3d 38 (Colo. Ct. App. 2008)) at 1. On July 21, 2004, the trial court sentenced him to sixteen years of incarceration. ECF No. 14 at 5; ex. A at 1.

Mr. Jowell appealed directly from his convictions and sentences, which the Colorado Court of Appeals affirmed on January 24, 2008. ECF No. 14, ex. A at 1. On June 30, 2008, the Colorado Supreme Court denied certiorari review. ECF No. 14, ex. B. Mr. Jowell did not seek certiorari review in the United States Supreme Court.

On December 17, 2008, Mr. Jowell filed a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on December 22, 2008. ECF No. 14, ex. I (state court register of actions) at 1. He did not appeal from the denial.

On May 13, 2010, Mr. Jowell filed a postconviction motion pursuant to Colo. R. Civ. P. 35(c) (ECF No. 14, ex. C), which the trial court summarily denied on December 13, 2010, as unfounded. ECF No. 14, ex. I at 1; ex. D (Order Denying Defendant's Petition for Postconviction Relief Pursuant to Crim. P. Rule 35(c) as Unfounded). Mr. Jowell appealed from the trial court's order to the Colorado Court of Appeals, which

affirmed in an unpublished opinion. ECF No. 14, ex. F (*People v. Jowell*, No. 11CA1096 (Colo. Ct. App. Apr. 4, 2013)). On January 27, 2014, the Colorado Supreme Court denied certiorari review. ECF No. 14, ex. H.

On August 1, 2014, Mr. Jowell attempted to initiate the instant action by filing a motion titled "Motion for Fed. Rule 60(b)(4)." ECF No. 1. On August 15, 2014, after being ordered to cure certain deficiencies in the action, Mr. Jowell filed his habeas corpus application asserting the following claim: "Disqualification of the District Attorney's Office, Invalid Charging Document, Lack of Subject Matter Jurisdiction, Void Judgment." ECF No. 6 at 5.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of

> the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Jowell's criminal case became final. Generally, a conviction becomes final "after the United States Supreme Court has denied review of a decision by the state court of last resort, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *see also* Sup. Ct. R. 13(1). Here, the Colorado Supreme Court denied certiorari review in Mr. Jowell's direct appeal of his criminal conviction on June 30, 2008. Mr. Jowell did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final ninety days later, on Sunday, September 28, 2008, although the one-year limitation was continued until the next business day, or Monday, September 29, 2008, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitation period for purposes of § 2244(d) began to run on September 29, 2008, the date that direct appeal concluded. *See Holland v. Florida*, 560 U.S. 631, 635 (2010).

The Court next must determine whether Mr. Jowell's state court postconviction

motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitation period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The one-year period of limitation ran for **79 days** from September 29, 2008, when the time expired for seeking review in the United States Supreme Court, to December 17, 2008, when Mr. Jowell filed his first postconviction motion pursuant to Colo. R. Crim. P. 35(b), which was denied on December 22, 2008. The limitation period began running again on February 5, 2009, when the forty-five days expired to appeal the trial court denial of December 22, 2008, *see* Colo. App. R. 4(b) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal), and ran for **462 days** until May 13, 2010, when Mr. Jowell filed his Colo. R. Crim. P. 35(c) postconviction motion.

The Colo. R. Crim. P. 35(c) postconviction motion failed to toll the limitation period because the motion was filed after the limitation period expired on November 18, 2009 (**79 days + 286 days = 365 days**). *See Clark v. Oklahoma*, 468 F.3d 711, 714

(10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act of 1996] [(]AEDPA[)]] will toll the statute of limitations."). Therefore, this habeas corpus action, whether considered initiated on August 1, 2014, when Mr. Jowell filed his motion titled "Motion for Fed. Rule 60(b)(4) (ECF No. 1), or August 15, 2014, when he filed his habeas corpus application (ECF No. 6), is untimely.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland*, 560 U.S. at 649. Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Mr. Jowell bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can

demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin*, 133 S. Ct. at 1928. However, "tenable actual-innocence gateway pleas are rare." *Id.* To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1928, 1935. Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1936. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Mr. Jowell fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons. Therefore, the Court finds no basis for

7

equitable tolling in this action. The action is barred by the one-year limitation period. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Jowell files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2254 (ECF No. 6) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  21st  day of    November    , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court